**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1343
_____

LOBAR AMINOVNA BERDIEVA, ABDURASHID ABDUKHALILOVICH
MUMINOV, K.A.Q.A., A.A.Q.A., A.A.O.A.,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(Agency Nos. A202-024-337, A202-024-338, A202-024-339, A202-024-340,
and A202-024-341)
Immigration Judge: John B. Carle
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 17, 2024

Before: JORDAN, BIBAS, and AMBRO, *Circuit Judges*

(Filed: January 22, 2024)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Lobar Berdieva, a Muslim, is a native and citizen of Uzbekistan. So are her husband (Abdurashid Muminov) and their three minor children (K.A.Q.A., A.A.Q.A., and A.A.O.A.). Fifteen years ago, Berdieva decided to start covering her head with a hijab. Her decision was costly. She was shunned by friends, denied a job, and harassed by officials. And Uzbek law bars her from driving while wearing a hijab.

The family came to the United States on student visas but overstayed. So the government sought to remove them. The family admitted removability but applied for asylum, withholding of removal, and protection under the Convention Against Torture.

The immigration judge recognized as a particular social group Uzbek Muslim women who wear the hijab. And he was rightly "troubled" that Berdieva was "mistreat[ed]" for visibly practicing her faith. AR 89. But he found that the harassment and discrimination that she and her family suffered did not rise to the level of past or future persecution, let alone torture. So he denied all relief and ordered them removed. A single judge of the Board of Immigration Appeals affirmed without opinion. The family now petitions for review.

The Board may affirm without opinion when (1) it finds that existing precedent controls the issues and would not need to be applied to novel facts, or (2) the factual and legal issues are not substantial enough to call for a written opinion. 8 C.F.R. § 1003.1(e)(4). When the Board does so, we review the immigration judge's opinion. *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). We review constitutional claims and issues of law de novo. *Duhaney v. Att'y Gen.*, 621 F.3d 340, 345 (3d Cir. 2010). And we defer to the agency's

findings of fact, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The family claims that the Board should not have affirmed without opinion because this case presents novel facts that require statutory interpretation. Though there are no cases specifically about hijab-wearing in Uzbekistan, plenty of precedent discusses persecution. And the conduct here does not qualify: Discrimination, harassment, threats, and economic hardship are unwelcome. But even taken together, they are not enough for persecution (let alone torture). *See Ahmed v. Ashcroft*, 341 F.3d 214, 217 (3d Cir. 2003). No one in the family was physically harmed, required to renounce her religion, or barred from praying, worshipping, or wearing a hijab. *Cf. Fatin v. INS*, 12 F.3d 1233, 1242 (3d Cir. 1993) (Alito, J.). No one had to worship in secret. Nor was anyone fined.

True, Berdieva was stopped and searched by police perhaps eight times, and once police threatened to visit her house and watch her family. But that single threat was hardly "concrete and menacing" enough to threaten her life or freedom. *Herrera-Reyes v. Att'y Gen.*, 952 F.3d 101, 108 (3d Cir. 2020). The lack of past persecution, likely future persecution, or torture defeats the family's claims. We will thus deny the petition.